IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, et al.,<br><br>Plaintiff,<br><br>v.<br><br>VIABELLA HOLDINGS, LLC<br><br>Defendant. | Adv. Pro. No. 25-50878 (TMH)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**ANSWER AND AFFIRMATIVE DEFENSES OF VIABELLA HOLDINGS LLC TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. 547 AND 550**

Viabella Holdings LLC ("<u>Viabella</u>"), through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the above-referenced complaint (the "<u>Complaint</u>").

**<u>STATEMENT PURSUANT TO LOCAL RULE 7012-1</u>**

In submitting this Answer and Affirmative Defenses to the Complaint, Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

1. With respect to the allegations contained in paragraph 1 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph 1 alleges or implies that Defendant's conduct violated such statutes, that allegation is denied.

2. With respect to the allegations contained in paragraph 2 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph 2 alleges or implies that Defendant's conduct violated such statutes, that allegation is denied.

## PARTIES

3. No admission or denial is required as to paragraph 3 of the Complaint as it does not contain any allegations against the Defendant.

4. With respect to the allegations contained in paragraph 4 of the Complaint, Defendant admits all allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. With respect to the allegations contained in paragraph 5 of the Complaint, Defendant reserves the right to object to the Court's jurisdiction over the above captioned adversary proceeding.

6. With respect to the allegations contained in paragraph 6 of the Complaint, Defendant denies that this matter is a core proceeding.

7. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant does not consent to the entry of final orders or judgment by the Bankruptcy Court.

8. With respect to the allegations contained in paragraph 8 of the Complaint, Defendant admits that venue is proper in the District of Delaware.

## BASIS FOR RELIEF REQUESTED

9. No admission or denial is required as to paragraph 9 of the Complaint as it does not contain any allegations against the Defendant.

## FACTS

10. No admission or denial is required as to paragraph 10 of the Complaint as it does not contain any allegations against the Defendant.

11. No admission or denial is required as to paragraph 11 of the Complaint as it does not contain any allegations against the Defendant.

12. With respect to the allegations contained in paragraph 12 of the Complaint, Defendant states that the document referenced in paragraph 12 of the Complaint speaks for itself, to the extent a response is necessary, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. With respect to the allegations contained in paragraph 13 of the Complaint, Defendant states that the document referenced in paragraph 13 of the Complaint speaks for itself, to the extent a response is necessary, Defendant denies sufficient knowledge of information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint. Any remaining allegations are denied.

14. With respect to the allegations contained in paragraph 14 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph 14 alleges or implies that Defendant's conduct violated such statutes, denies that the Defendant received any transfers that can be avoided and to the extent that it did receive transfers within the 90 days prior to the Petition Date each of the transfers it received are protected from avoidance by one or more of the defenses contained in Bankruptcy Code section 547(c).

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

15. With respect to paragraph 15 of the Complaint, Defendant repeats and realleges paragraphs 1 through 14 above as though fully set forth herein.

16. With respect to the allegations contained in paragraph 16 of the Complaint, Defendant states that the document referenced in paragraph 16 of the Complaint speaks for itself, to the extent a response is necessary, denies that the Defendant received any transfers that can be avoided and to the extent that it did receive transfers within the 90 days prior to the Petition Date each of the transfers it received are protected from avoidance by one or more of the defenses contained in Bankruptcy Code section 547(c).

17. With respect to the allegations contained in paragraph 17 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. With respect to the allegations contained in paragraph 18 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. With respect to the allegations contained in paragraph 19 of the Complaint, Defendant admits it was a creditor of the Debtor at the time of the Transfers, but denies the remaining allegations contained in paragraph 19 of the Complaint.

20. With respect to the allegations contained in paragraph 20 of the Complaint, Defendant admits the Transfers were made on account of an antecedent debt.

21. With respect to the allegations contained in paragraph 21 of the Complaint, Defendant states that the statute referenced in paragraph 21 of the Complaint speaks for itself, to the

extent a response is necessary, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. With respect to the allegations contained in paragraph 22 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. With respect to the allegations contained in paragraph 23 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. With respect to the allegations contained in paragraph 24 of the Complaint, Defendant denies the allegations and legal conclusions contained in paragraph 24 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property – 11 U.S.C. § 550)**

25. With respect to paragraph 25 of the Complaint, Defendant repeats and realleges paragraphs 1 through 24 above as though fully set forth herein.

26. With respect to the allegations contained in paragraph 26 of the Complaint, Defendant denies the allegations and legal conclusions contained in paragraph 26 of the Complaint.

27. Defendant denies that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause of the Complaint and each of its subparagraphs (a-c).

**GENERAL DENIAL**

Viabella denies each and every allegation, statement and matter not expressly admitted or qualified herein. Any allegations made in the headings contained in the Complaint are denied. The prayer for relief is denied.

**AFFIRMATIVE DEFENSES**

Without undertaking any burden of proof not otherwise assigned to it by law, Viabella

asserts the following affirmative and other defenses with respect to the claims for relief Plaintiff purports to assert in the Complaint and reserves the right to assert additional affirmative defenses and other claims (including, but not limited to, cross-claims and counterclaims) not asserted herein as may be or as may become appropriate and/or available as the record in this case develops:

### First Defense

Each purported claim for relief fails to state a claim upon which relief can be granted.

### Second Defense

Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, some or all of the Transfers were intended by Defendant and the Debtor to be contemporaneous exchanges for new value given to the Debtor and were, in fact, substantially contemporaneous exchanges.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' unclean hands and bad faith.

### Fourth Defense

Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, the Transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant and were made in the ordinary course of business or financial affairs of the Debtor and Defendant.  The Transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant and were made according to ordinary business terms.

**Fifth Defense**

Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, after each of the Transfers, Defendant gave new value to or for the benefit of the Debtor (the "New Value"). The New Value was not secured by an otherwise unavoidable security interest, and the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant on account of the New Value.

**Sixth Defense**

The claims asserted in the Complaint are subject to any right of setoff or offset that Defendant may have.

**JURY TRIAL DEMAND**

DEFENDANT DEMANDS A TRIAL BY JURY.

**PRAYER FOR RELIEF**

Wherefore, Viabella respectfully requests that the claims against it be dismissed together with such other relief as the Court deems proper and just.

Dated: December 1, 2025

**FOX ROTHSCHILD LLP**

*/s/ Howard A. Cohen*
Howard A. Cohen (DE 4082)
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 427-5507
Facsimile: (302) 656-8920
E-mail: hcohen@foxrothschild.com

*Counsel to Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of December, 2025, I caused the foregoing to be served *via* the Court's electronic filing system on those parties registered and authorized to receive such notice.

      */s/ Howard A. Cohen*
      Howard A. Cohen (DE 4082)